**In the Matter of Clifford E. DUNCAN and Helen G. Duncan, Debtors.**

**Bankruptcy No. 84–01550–SJ–11.**

United States Bankruptcy Court, W.D. Missouri, St. Joseph Division.

June 11, 1985.

---

A. Howard Chamberlain, Kansas City, Mo., for plaintiffs.

Arthur B. Federman, Kansas City, Mo., Trustee.

### ORDER DENYING CONFIRMATION OF CHAPTER 11 PLAN AND DIRECTING INTERESTED PARTIES TO SHOW CAUSE IN WRITING WITHIN 21 DAYS WHY CHAPTER 11 PROCEEDINGS SHOULD NOT BE DISMISSED

DENNIS J. STEWART, Bankruptcy Judge.

The matter of the confirmation of the debtors' proposed chapter 11 plan of reorganization came on before the court for hearing on May 17, 1985, in St. Joseph, Missouri, whereupon the debtors appeared personally and by Sherry DeJaynes, Esquire, their counsel. The creditors who were present also appeared by counsel. It was then demonstrated to the court that one voting impaired class had accepted the plan and that all other voting classes had rejected the plan. Therefore, it became incumbent upon the debtors to show that the prerequisites for a "cram down" of the plan as contained in section 1129(b) of the Bankruptcy Code were present in this case.

The evidence which was then adduced by the debtors was to the general effect that all the secured creditors were undersecured; that there was no unsecured property out of which unsecured debts might be paid; that, accordingly, the plan proposes to pay secured creditors the value of their security; and that, therefore, inasmuch as the plan would grant creditors more than they would receive in straight liquidation, it is in the "best interests of creditors" and merits confirmation. But the values which the debtors would ask the court to accept as the minor premise of this inexorable logic are, almost in every instance, nearly 40% lower than the values which they admitted their property to have when they filed their petition for relief only some 10 months ago.[1] Their explanation for this vast difference is that there has been a literal "crash" in the value of farm property over the course of the intervening 10 months. But, in the absence of some truly expert testimony on this issue, the court could not conclude that such a drastic reduction in the value of farm property has taken place. It is conceivable, perhaps, that the property may have diminished in the vicinity of 10% in value over that brief period of time, but, without qualified opinion testimony of an expert in the field, it cannot be assumed that the diminution has been significantly more than that. This is particularly so when the testimony of Clifford E. Duncan as to the degree of reduction of value is admittedly "solely" based on information which he obtained from other, unidentified persons who are reportedly

---

1. At the time of the filing of the petition and schedules in this case on May 14, 1984, the debtors reported that they had $1,163,040.00 in total value of property ($12,500 of which was claimed as exempt) to cover a total indebtedness of $1,085,851.38 in total indebtedness. Distribution according to this set of figures would mean payment of 100% of the secured debts and nearly 50% of the unsecured indebtedness. The debtors argue that liquidation values are significantly lower. But, according to the authorities, it is doubtful that liquidation value is the correct value to apply in determining distribution. "If retention and use by the debtor of the collateral is proposed, there is generally no reason to assume for purposes of valuation that the collateral would be disposed of on a 'forced sale' basis." 3 Collier on Bankruptcy ¶ 506.04, p. 506-31 (15th Ed.1985). But, even if liquidation value or "forced sale" value is applicable, the court cannot, in the absence of timely expert testimony, assume that the difference between fair market value and liquidation value is as great as represented by debtors.

knowledgeable about the current farm real estate market. The Bankruptcy Code's lofty purpose is to ensure that secured creditors are paid the value of their security without otherwise unwarrantably interfering with the economic rehabilitation of the debtor. But it is not any part of that purpose simply to permit an undocumented and unjustified scaling down of property values so that rehabilitation can take place at any price to the affected creditors.

It might, in some other case, be possible for the court to direct modification of the plan and confirm it on condition that it propose to pay reasonably higher values to the affected creditors. But that is not possible in this case in which the evidence shows that payments can only with great difficulty be maintained at the levels now proposed by the debtors. It is therefore

ORDERED that confirmation of the debtors' proposed plan of reorganization be, and it is hereby, denied. It is further

ORDERED that the debtors and creditors, or any of them, show cause in writing within 21 days of the date of entry of this order why these chapter 11 proceedings should not be dismissed.